IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KELLY MALLOY,**
**ADC #653946**                                                                                      **PLAINTIFF**

**V.**                         **CASE NO. 1:16-CV-00132 KGB/BD**

**JEFFREY BAUMGARDNER, et al.**                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**      **Discussion**

    A.    Background

Jeffrey Elmore, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit on behalf of himself, Mr. Malloy, and a number of other inmates or former inmates. (Docket entry #1) The Court gave Mr. Malloy an opportunity to file an

amended complaint to explain his constitutional claims. (#4) Mr. Malloy has now filed an amended complaint, as well as an addendum to his amended complaint. (#5, #6)

In his amended complaint, Mr. Malloy alleges that he was wrongfully convicted of a disciplinary charge. As a result of the disciplinary conviction, Mr. Malloy was sentenced to thirty days in punitive isolation and his class status was reduced. Because Mr. Malloy's allegations do not rise to the level of a constitutional violation, his claims should be DISMISSED, without prejudice.

  B. Standard

Federal courts must screen prisoner complaints that seek relief against a government entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a for relief; or that seek money from a defendant who is immune from paying damages are to be dismissed before the defendants are served. 28 U.S.C. § 1915A.

  C. Due Process Claim

Here, Mr. Malloy asserts a due process claim. But due process protection under the Fourteenth Amendment is triggered only if the prisoner has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). The test is whether the conditions imposed on the prisoner are serious enough to be deemed "atypical and significant" deprivations.

None of the punishments Mr. Malloy lists are serious enough to implicate a liberty interest. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v.*

*Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship)); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level and thirty days in punitive segregation is not an atypical and significant hardship). Without an underlying liberty interest, Mr. Malloy's due process cannot succeed.

  C. Violation of ADC Policy

Mr. Malloy also alleges that the Defendants violated ADC policy. Unfortunately for Mr. Malloy, a prison official's failure to follow prison policy fails to state a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, *supra*).

  D. Access-to-courts Claim

Mr. Malloy also complains that, because he relies on other inmates to assist him in preparing his legal work, his placement in punitive isolation interfered with his right to access the courts. To prevail on an access to the courts claim, however, Mr. Malloy must allege that he was actually harmed or injured by the Defendants' conduct. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003). "Actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Here, Mr. Malloy does not allege that he suffered any actual injury as a

result of his temporary placement in isolation. Thus, these allegations do not state a federal claim for relief.

## III. Conclusion

Mr. Malloy's claims should be DISMISSED, without prejudice, based on his failure to state a federal claim for relief. The dismissal should count as a "strike" under 28 U.S.C. § 1915(g), and an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 30th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE